NOT FOR PUBLICATION

FILED

MAR 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN YAGMAN, | No. 14-55006 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-08413-SVW-CW |
| v. | |
| BRENT WHITTLESEY; LEON WARREN WEIDMAN, I; GEORGE S. CARDONA; ANDRE BIROTTE, Jr.; LORETTA E. LYNCH, Attorney General; DEREK ANTHONY WEST; MICHAEL J. ASTRUE; TIMOTHY F. GEITHNER, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 8, 2016**
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CLIFTON and IKUTA, Circuit Judges and BLOCK,[***] Senior District Judge.

Stephen Yagman owes the United States approximately $22,500. A portion of that debt is offset against his monthly Social Security benefit pursuant to 31 U.S.C. § 3716(c)(3)(A)(i). Yagman sued in the district court, raising a variety of challenges to the offsets. He eventually pursued only a claim under the Administrative Procedure Act, which the district court dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). We review the district court's decision de novo. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004).

1. 31 U.S.C. § 3716(c)(3)(A)(ii) makes $9,000 per year—or $750 per month—"exempt from offset." The plain meaning of that phrase is that $750 of a debtor's monthly benefit cannot be withheld as an offset. The statute does not refer to the 15% cap contained in 31 C.F.R. § 285.4(e), let alone dictate the base on which the cap is to be calculated.

Thus, the statutory exemption guarantees only that a debtor will receive a monthly benefit of at least $750 notwithstanding the debt. Since Yagman has always received far in excess of that amount, the calculation of his offsets complies with the statute's unambiguous command.

---

[***] The Honorable Frederic Block, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

2.      Yagman's argument that § 285.4(e) is arbitrary and capricious because the agency did not articulate a rationale for the 15% cap was not raised below and may be disregarded. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998). In any event, the agency's statement that Social Security beneficiaries "may be dependent upon their Federal benefits for a substantial part of their income," Offset of Federal Benefit Payments To Collect Past-due, Legally Enforceable Nontax Debt, 63 Fed. Reg. 44986, 44987 (Aug. 21, 1998), explained the rationale for the cap.

3.      Yagman's challenge to the notice-and-comment procedure by which § 285.4(e) was promulgated also was not raised below. Had it been, it would have been untimely. *See Wind River Min. Corp. v. United States*, 946 F.2d 710, 715 (9th Cir. 1991).

4.      Finally, Yagman's contention that the offsets were not authorized by an agency head also was not raised below. In any event, it is without merit.

AFFIRMED.